FILED

2019 JUL 16 PM 2:39

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

CHALFONT & ASSOCIATES GROUP, INC.,
   d/b/a McDonald's,

    Defendant.

CIVIL ACTION NO.

6:19cv1304 orl 40 gjk.

C O M P L A I N T
JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Morteza Javadi ("Mr. Javadi"), a Hasidic Jew, who was denied employment because of his religion. As alleged with greater particularity below, Defendant, Chalfont & Associates Group, Inc., doing business as McDonald's ("McDonald's"), refused to hire Mr. Javadi as a maintenance worker because his beard violated McDonald's "completely clean shaven" grooming and appearance policy.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.



2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida Orlando Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, McDonald's has continuously been a Florida corporation doing business in the State of Florida and the City of Longwood, and has continuously had at least 15 employees.

5. At all relevant times, McDonald's has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mr. Javadi filed an administrative charge with the Commission alleging violations of Title VII by McDonald's.

7. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination indicating that it found reasonable cause to believe that McDonald's discriminated against Mr. Javadi in violation of Title VII because of Mr. Javadi's religion.

8. Prior to the institution of this lawsuit, the Commission attempted to effect McDonald's voluntary compliance with Title VII through informal methods of conciliation to remedy the practices found unlawful.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. McDonald's is a fast food restaurant that specializes in serving hamburgers.

11. Mr. Javadi is a practicing Hasidic Jew.

12. On or about September 5, 2016, Mr. Javadi applied online for a Maintenance Worker position at McDonald's.

13. Shortly after submitting his on-line application, McDonald's contacted Mr. Javadi and scheduled an in-person interview.

14. On or about September 8, 2016, Mr. Javadi interviewed at McDonald's Store No. 6390, located at 900 West State Road 494, Longwood, Florida, with Joseph Torres ("Torres") (McDonald's Store No. 6390 Store Manager).

15. Torres told Mr. Javadi that he had the job but would need to shave his beard to be in compliance with McDonald's grooming and appearance policy.

16. McDonald's grooming and appearance policy provides, in part:

> **Hair Policy (Males)** - Hair must be styled so that it does not exceed a moderate length or height. It must not exceed the bottom of the ear; the ear lobe must be visible. It can be no longer than the top of the collar. It must be neat with the hat/visor on. *All employees must be completely clean shaven.* Sideburns are permissible if they are styled not to extend below the ear lobe and groomed to avoid being overgrown or sweeping away from the ear.

McDonald's Hair Policy (emphasis in italics).

17. Torres asked Mr. Javadi if he could shave his beard.

18. Mr. Javadi explained that he could not shave his beard because of his religious beliefs.

19. Mr. Javadi offered to wear a beard net.

20.     Torres told Mr. Javadi that, notwithstanding his religious beliefs, if he (Mr. Javadi) did not shave his beard, he could not hire him because doing so would violate McDonald's policies and the law.

21.     Mr. Javadi was qualified for the Maintenance Worker position.

22.     McDonald's failed to hire Mr. Javadi because of his religion.

23.     McDonald's failed to provide the reasonable accommodation requested or any other accommodation.

24.     Because of McDonald's refusal to hire him, Javadi was harmed and suffered damages.

## STATEMENT OF CLAIMS

25.     As set forth in paragraphs 10-24, McDonald's engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by failing to hire Mr. Javadi because of his religion.

26.     The effect of the practices complained of in paragraphs 10-24 has been to deprive Mr. Javadi of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his religion.

27.     The unlawful employment practices complained of in paragraphs 10-24 were intentional.

28.     The unlawful employment practices complained of in paragraphs 10-24 above were done with malice or with reckless indifference to Mr. Javadi's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining McDonald's, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against job applicants on the basis of their religion.

    B.    Order McDonald's to institute and carry out policies, practices, and programs which provide equal employment opportunities for job applicants with sincerely-held religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order McDonald's to make Mr. Javadi whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10 24 including, but not limited to, back-pay, reinstatement (or front pay where reinstatement is unfeasible), prejudgment interest, and all out-pocket expenses, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of McDonald's unlawful employment practices.

    D.    Order McDonald's to make Mr. Javadi whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-24 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order McDonald's to pay Mr. Javadi punitive damages for its malicious and reckless conduct, as described in paragraphs 10-24 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 16, 2019

                                                           Respectfully Submitted,

                                                           JAMES L. LEE
                                                           Deputy General Counsel

                                                           GWENDOLYN YOUNG REAMS
                                                           Associate General Counsel
                                                           U.S. Equal Employment
                                                           Opportunity Commission
                                                           131 M Street, N.E.
                                                           Washington, D.C. 20507

                                                           ROBERT WEISBERG
                                                           Regional Attorney
                                                           Florida Bar No: 285676
                                                           KRISTEN FOSLID
                                                           Supervisory Trial Attorney
                                                           Florida Bar No: 688681
                                                           Equal Employment Opportunity
                                                           Commission
                                                           Miami District Office
                                                           Miami Tower
                                                           100 S.E. 2nd Street, Suite 1500
                                                           Miami, Florida 33131
                                                           Tel: 305-808-1803
                                                           Kristen.Foslid@eeoc.gov

                                                           /s/ Oshia Gainer Banks
                                                           OSHIA GAINER BANKS
                                                           TRIAL COUNSEL
                                                           Lead Attorney for Plaintiff, EEOC
                                                           Florida Bar No. 037022
                                                           U.S. Equal Employment Opportunity
                                                           Commission
                                                           Miami District Office
                                                           Miami Tower
                                                           100 S.E. 2nd Street, Suite 1500
                                                           Miami, Florida 33131
                                                           Tel: (305) 808-1879
                                                           Oshia.Banks@eeoc.gov