UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                      Case No:   6:19-cv-1304-Orl-78GJK

CHALFONT & ASSOCIATES GROUP,
INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff United States Equal Employment Opportunity Commission's Motion to Quantify Attorneys' Fees to be Awarded Pursuant to the Court's Order Awarding EEOC's Attorneys' Fees (Doc. 43). Defendant Chalfont & Associates Group, Inc. opposes the motion (Doc. 44).

Chalfont is a McDonald's restaurant franchisee (Hearing). Morteza Javadi, a Hasidic Jew, applied for a job as a maintenance worker at one of Chalfont's restaurants but was not hired (Doc. 1, at 1; Hearing). The EEOC's one-count complaint alleges that Chalfont refused to hire Javadi because his beard violated McDonald's "completely clean shaven" grooming and appearance policy (Id., at 1). The EEOC's prayer for relief includes, *inter alia*, injunctive relief, compensation for Javadi, and punitive damages (Id., at 5).[1] Chalfont denies liability and affirmatively alleges that the reason it did not hire Javadi is because there was another candidate who was better qualified for the position (Doc. 8).

---

[1] Javadi has filed an intervenor's complaint that is not relevant to this discovery dispute (Doc. 14).

On January 23, 2020, the Court held a hearing on the EEOC and Javadi's Joint Motion to Quash and/or for Protective Order as to Three Subpoenas Duces Tecum Directed to Charging Party's Former Employers (Doc. 19), and Plaintiff United States Equal Employment Opportunity Commission's Motion to Compel from Defendant McDonald's Better Responses to EEOC's First Set of Discovery (Doc. 28). At the conclusion of the hearing, for the reasons stated on the record, the Court denied the motion to quash and for protective order and granted in part, the motion to compel (Doc. 38 at 1). The Court also found that the EEOC was entitled to recover its attorney's fees and costs to prepare and argue the motion to compel (Id., at 2). Now, the EEOC seeks an award of $8,720 in fees for the work of Oshia Banks and Kristen M. Foslid based on a rate of $400 per hour for 21.8 hours of work (Doc. 43-1 at 6, 9). The motion is supported by Ms. Banks and Ms. Foslid's Declarations and the Declaration of Mathew W. Dietz (Doc. 43-1, 43-2).

The Court employs the lodestar approach as the first step in calculating a reasonable fee for counsel's services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. .

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and

adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Norman, 836 F.2d at 1302. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman , 836 F.2d at 1303   (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The attorney fee applicant should present records detailing the amount of work performed. Once the prevailing party

produces adequate billing records, "[t]he fee opponent then 'has the burden of pointing out with specificity which hours should be deducted.'" Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, *9 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., v. Martin County, 725 So. 2d 1255, 1259 (Fla. Dist. Ct. App. 1999). The EEOC seeks reimbursement for the following work:

### Time Expended by Oshia Banks, Esq.

Dec. 9, 2019
Review/analyze correspondence, pleadings and file materials [Complaint, Answer, Defendant's Answers to First Set of Interrogatories, Defendant's Responses to First Request for Production, Defendant's first set of document production and conferral emails and correspondence including those dated 10/8, 24, 31 and 11/1, 13, 15, 22, 25, 26] **(2.5)**, and conduct legal research **(2.0),** in preparation of Motion to Compel.

Dec. 10, 2019
Draft 20-page Motion to Compel Better Responses to First Set of Discovery and Request for Fees **(6.0)**.

Dec. 18, 2019
Review Defendant's Motion for Enlargement of Time to Respond to EEOC's Motion to Compel **(.2)**;

Dec. 19, 2019
Review Order Shortening Time for Response **(.1)**;

Dec. 20, 2019
Review correspondence [including those dated 10/8, 24, 31 and 11/1, 13, 15, 22, 25, 26 as referred to in EEOC'[s] Response in Opposition to Defendant's Motion for Enlargement of Time] **(.2)** and prepare EEOC's Response in Opposition to Defendant's Motion for Enlargement of Time **(.3)**;

Dec. 20, 2019
Review Defendant's Notice in Response to EEOC Opposition **(.1)**;

Dec. 23, 2019
Review Order on Defendant's Notice **(.1)**;

> Dec. 23, 2019
> Review Order on Defendant's Motion for Enlargement of Time **(.1)**;
>
> Jan. 21, 2020
> Review/analyze Defendant's 20-page Response in Opposition to EEOC's Motion to Compel **(2.5)**;
>
> Jan. 22, 2020
> Review Defendant's supplemental discovery responses and 200+ page supplemental document production in comparison to EEOC's Motion to Compel and Defendant's Response to narrow issues before the court **(3.5)**;
>
> Jan. 22, 2020
> Review correspondence, pleadings, file materials, and cases cited by parties in preparation for hearing on EEOC's Motion to Compel and Request for Attorneys' Fees **(2.5)**; and
>
> Jan. 23, 2020
> Argue Motion to Compel and Request for Attorneys' Fees before Court **(.5)**.

(Doc. 43-1 at 6) (emphasis in original).

### **Time Expended by Kristen M. Foslid, Esq.**

> With respect to the instant fee petition, I spent 1.2 hours conducting legal research for the Motion to Compel and reviewing and editing the Motion to Compel. I determined these hours by looking at my e-mail and redlined draft of the Motion to Compel.

(Id., at 9).

Attorney Matthew E. Dietz opines that the time expended by Ms. Banks and Ms. Foslid as well as their hourly rates are reasonable (Doc. 43-2). Chalfont disagrees, arguing: (1) that the time claimed was not contemporaneously recorded by the attorneys; (2) this was a simple motion; (3) segments of the motion appear to have been cut and pasted from other papers; (4) the hourly rates claimed are unreasonable; (5) Mr. Dietz's opinion is not sufficient to support the amount claimed; (6) the case law relied upon by the

- 5 -

EEOC does not support its claim; (7) the billable hours claimed are excessive and redundant; (8) the EEOC seeks to recover time that is not compensable; and (9) the EEOC enjoyed only limited success on its motion to compel (Doc. 44).

The Court only awarded the EEOC fees and costs to prepare and argue the motion to compel (Doc. 38 at 2). Consequently, fees for the following time is not recoverable:

> Reviewing and analyzing the pleadings (block billed, Court estimates .5)
>
> Reviewing Chalfont's motion for enlargement of time (.2)
>
> Reviewing Order shortening time for response (.1)
>
> Reviewing correspondence and prepare response in opposition to Chalfont's motion for enlargement of time (.5)
>
> Reviewing Chalfont's notice in response to EEOC's opposition (.1)
>
> Reviewing Order on Chalfont's notice (.1)
>
> Reviewing Order on Chalfont's motion for enlargement of time (.1)
>
> Reviewing Chalfont's supplemental discovery (3.5)

Thus, a total of 5.1 billable hours will be excluded from the EEOC's application for attorney's fees.

Next, the Court considers the hourly rate claimed for the services performed. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. Four hundred dollars per hour is higher than the rates charged and paid to lawyers of comparable skill and experience who routinely appear in the Orlando Division of the

Court. The Court knows this from its own and experience in reviewing and deciding attorney's fee applications. It also knows, based upon the undersigned's experience in private practice and interaction with members of the bar, that oftentimes there is a material difference between what lawyers report are their hourly rates, and the lower amounts their clients actually pay them, and which are therefore, their true, effective hourly rates.[2]

This was a simple motion to compel which did not require two lawyers, each with over ten years of experience. The motion is the type of work best delegated to an associate with one to three years of experience. It is assumed that the associate will require more time to complete the assignment, but that is offset by the associate's significantly lower billing rate. If a more experienced lawyer is going to perform the work, then it is expected that she will do so more quickly than the associate, in keeping with her higher hourly rate. But in this case, the time claimed for the work performed (the 16.7 hours allowed) does not reflect the experience required to justify $400 per hour. For a good example of this point see Rodriguez v. GEICO Gen. Ins. Co. and Govt. Employees Ins. Co., Case No. 6:19-cv-1862-Orl-40GJK (M.D. Fla.). In GEICO the plaintiff's lawyer filed a successful motion to compel and is currently seeking an award of attorney's fees (Doc. 30 in the case). The lawyer wants $550 per hour which is high, but his total time spent on the motion, including meeting and conferring with his opponent is five hours making a total fee sought of $2,750 (Id.).

The Court also finds, based upon its knowledge and experience, that there were

---

[2] There are many reasons why lawyers who routinely charge by the hour have effective rates that are less than their claimed hourly rates. These include clients who demand and receive a discount in return for the engagement; lawyers who write down their time to arrive at a reasonable bill to keep the client happy; and clients and their auditors who analyze bills and demand reductions.

competent Central Florida attorneys who could have handled this matter at much lower rates than the amount claimed by the EEOC.

After considering these factors, the Court finds that $250 per hour is reasonable for the work performed. Multiplying the 16.7 hours allowed by $250 per hour results in a lodestar of $4,175. The Court has considered the remaining Johnson factors and finds that they do not apply or do not require any further adjustment of the lodestar. Accordingly, the EEOC shall recover from Chalfont the total sum of $4,175 as attorney's fees on the motion to compel.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record