**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

MORTEZA JAVADI, Individually

                    Plaintiff-Intervenor,

v.                                     Case No:  6:19-cv-1304-Orl-78GJK

CHALFONT & ASSOCIATES GROUP, INC,

                    Defendant.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on the parties' Joint Motion for Approval and Entry of Consent Decree (Doc. 81). The parties request that this Court enter the proposed Consent Decree (Doc. 81-1) under Federal Rule of Civil Procedure 65(d) and retain jurisdiction to enforce it.

For the reasons set forth in the Motion and pursuant to this Court's inherent equitable authority, it is **ORDERED** and **ADJUDGED** that the Joint Motion for Approval and Entry of Consent Decree (Doc. 81) is **GRANTED**. The Clerk is directed to terminate all other pending motions and close this case.

It is further **ORDERED** that:

1.  This Court makes the following findings:

    a.  This Court possesses jurisdiction over this matter, and venue is proper in this Court.

b. The parties affected by this Order and Consent Decree agree to this Consent Decree's entry and final judgment to resolve all matters in dispute between them.

c. No party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of Plaintiff United States Equal Employment Opportunity Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree;

d. The terms of this Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of Intervenor Plaintiff Morteza Javadi and the public interest are adequately protected by this Consent Decree; and

e. The terms of this Consent Decree are and shall be binding during the term of this Consent Decree upon the present and future representatives, employees, directors, officers, and heirs of Defendant. Defendant shall provide prior written notice of this lawsuit and a copy of this Consent Decree to any potential purchasers, successors, and assigns, as well as any entity that may merge or consolidate with Defendant.

2. The following Consent Decree is entered:

## **CONSENT DECREE**

This Consent Decree ("**Decree**") is made and entered into by and between Plaintiff United States Equal Employment Opportunity Commission ("**Commission**" or the "**EEOC**") and Chalfont & Associates Group, Inc., doing business as McDonald's ("**Chalfont**") (together referred to as "**Parties**").

2

## INTRODUCTION

1.      The EEOC commenced this action on July 16, 2019, under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Intervenor Plaintiff Morteza Javadi, who was denied employment because of his Jewish religion. On September 19, 2019, Mr. Javadi filed his Complaint in Intervention (Doc. 14) alleging violations of both Title VII and the Florida Civil Rights Act ("**FRCA**"), Fla. Stat. § 760.01 *et seq.*, based on the same facts alleged in the EEOC's Complaint (Doc. 1).

2.      Chalfont denied the allegations in the EEOC's and Mr. Javadi's Complaints and denied that it violated Title VII and FCRA. (Doc. Nos. 8, 16).

3.      In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties.

4.      No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions of this Decree.

5.      This Decree fully and finally resolves the claims asserted by the Commission in *EEOC v. Chalfont & Assocs. Grp., Inc.*, No. 6:19-cv-1304-Orl-78GJK and the underlying EEOC charge of discrimination, Charge No. 510-2017-00592C.

3

6.     This Decree constitutes the complete understanding between the Parties regarding the matters herein.

7.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree are appropriate to effectuate the purposes of this Decree. The unaffected provisions will remain enforceable.

8.     This Decree does not resolve any charges of discrimination that may be pending with the Commission against Chalfont other than the charge referred to in paragraph five. This Decree in no way effects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or that may later be filed against Chalfont in accordance with standard EEOC procedures.

9.     Nothing in this Decree shall be construed to limit or reduce Chalfont's obligations to comply with the statutes enforced by the EEOC: Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq.*, as amended; Title I of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. § 12101 *et seq.*, as amended; the Age Discrimination in Employment Act ("**ADEA**"), 29 U.S.C. § 621 *et seq.*, as amended; the Equal Pay Act ("**EPA**"), 29 U.S.C. § 206(d); and the Genetic Information Nondiscrimination Act of 2008 ("**GINA**"), 42 U.S.C. § 2000ff.

## **DURATION OF DECREE**

10.     This Decree shall be in effect for two- and one-half years from the date it is signed and entered on the docket, except that this Decree shall not expire while any enforcement action arising out of this Decree is pending.

## MONETARY RELIEF

11.     Chalfont shall pay Mr. Javadi the total sum of $69,555.00 to settle the claims raised in this action.

12.     Payment shall be made within twenty-one calendar days from the date of this Order.

13.     All checks to Mr. Javadi and the Cohen Law Group will be delivered via United States mail to Phillip Kent Moeller, Esquire at the following address: Cohen Law Group, LLC, 350 North Lake Destiny Road, Maitland, Florida 32751. Copies of the payments delivered to Mr. Moeller shall be contemporaneously sent to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Chalfont Consent Decree," at Equal Employment Opportunity Commission, Miami District Office, The Miami Tower, 100 Southeast 2nd Street, Suite 1500, Miami, Florida 33131, and via e-mail at mdoconsentdecreecompliance@eeoc.gov and Oshia.Banks@eeoc.gov.

14.     If Mr. Moeller fails to timely receive the payments described herein due to a failure on the part of Chalfont to properly transmit them, then Chalfont shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until they are paid and bear any additional costs incurred by the EEOC caused by the non-compliance or delay including, but not limited to, any and all costs arising out of the EEOC's efforts to enforce this Decree in federal court.

## GENERAL INJUNCTIVE PROVISIONS

15.     Chalfont, and all of its officers, managers, supervisors, and employees shall not screen out or exclude persons from application or hire because of their religious beliefs or

5

practices including, but not limited to, practices prohibiting the shaving of their beards, unless to do so would cause undue hardship. Chalfont has represented that it does not work with any agents or partners who handle hiring or accommodations at its restaurants. To the extent Chalfont hires or retains any agents, partners, or third parties to handle or process hiring or accommodations during the term of the Decree, Chalfont shall ensure that such agents and partners comply with the Decree.

## EMPLOYMENT APPLICATIONS AND JOB POSTINGS

16.    Chalfont shall not reference in its employment applications, job postings, or hiring ads any requirement or question that applicants agree to shave their beards or be completely clean shaven.

## HAIR AND CENTRALIZED ORIENTATION POLICIES

17.    Within sixty calendar days of the entry of this Order, Chalfont shall amend its hair and grooming and appearance policies providing that employees shall be "clean shaven" to expressly add the following language: "Federal and state anti-discrimination laws may require The Company to provide a reasonable accommodation to any applicable grooming and appearance standard to accommodate an applicant's or employee's gender identity, religious beliefs. or physical condition. Please consult your manager or human resources representative should you believe you require any such accommodation."

## ANTI-RELIGIOUS DISCRIMINATORY POLICY

18.    Chalfont shall use a zero religious discrimination employment policy ("**Policy**") at all Chalfont locations, as provided herein.

19.    The Policy shall contain the following provisions:

6

a. Applicants or employees may request an accommodation from a manager or human resources representative. Chalfont will provide an applicant or employee a reasonable accommodation for his or her religious beliefs to ensure the applicant or employee is provided with an equal employment opportunity unless to do so causes an undue hardship on the Company.

b. Chalfont will not make recruitment, hiring, training, promotion, transfer, wages, benefits, discipline, retention, or termination decisions on the basis of an individual's religion;

c. Applicants and employees who request a religious accommodation, make complaints about religious discrimination, or provide information related to religious discrimination complaints will be protected against retaliation;

d. Applicants and employees will not be required to complain of religious discrimination or failure to accommodate directly to the individual that is engaged in the discriminatory behavior;

e. Chalfont will protect the confidentiality of requests for religious accommodations or religious discrimination complainants to the extent possible and will promptly and thoroughly investigate all complaints; and

f. Chalfont will take timely and appropriate corrective action when it determines that religion-based discrimination or a failure to accommodate has occurred.

20. Within twenty-one calendar days from the date of this Order, the Policy shall be provided to EEOC.

7

21.     Within thirty calendar days following the date of this Order, the Policy shall be included in any relevant employee handbook or manual maintained by Chalfont and shall be distributed to all employees of Chalfont. Chalfont will send the Policy to the General Manager of each Chalfont restaurant via email, and each General Manager will provide copies of the Policy to the employees in the restaurant. Chalfont will also review the Policy with each new employee during the term of the Decree.

## TRAINING

22.     **Management Training**. Chalfont shall provide all of its Human Resources personnel and managers with one hour of live annual training during the term of this Decree. Due to the ongoing pandemic, the live trainings can be presented and attended remotely so that the presenter and participants are not required to be in the same location provided that all participants have the video on and can be seen during the training. Chalfont agrees that all upper management and Human Resources personnel shall attend live, absent circumstances outside the control of Chalfont. Chalfont further agrees that all General Managers and other managers shall attend live, absent circumstances outside the control of Chalfont or unavailability due to their work schedule. Individuals who cannot attend the live training shall watch a recording of the live training within thirty days.

23.     The first management training shall take place no later than sixty days from the entry of the Decree. The second management training session shall take place no later than one year from the date of the first management training.

24.     The management training shall include the following: (1) an explanation of the prohibitions against discrimination on the basis of religion; (2) an explanation of the rights and

responsibilities of managers and employees under Chalfont's zero religious discrimination policies and procedures; (3) an explanation of religious stereotyping and unlawful religious-related assumptions about persons that managers should avoid when dealing with applicants and employees; (4) instructions on how to respond to and assess a request for a reasonable accommodation, including information regarding the interactive process; (5) guidance on how to address a concern about an applicant's or employee's ability to perform the job due to religious practices-related concerns; (6) an explanation of how to conduct an individualized assessment to determine if an applicant can perform the essential functions of a job; (7) examples of implicit bias against applicants and employees on the basis of religion; (8) guidelines and procedures for good workplace investigations; and (9) examples and instructions on reasonable accommodations for applicants or employees with religious practices and beliefs. The management training may also cover the remaining anti-discrimination statutes.

25.    The management training shall be conducted by a subject matter expert mutually agreed upon with the EEOC.

26.    At least two weeks before each live management training, Chalfont shall provide the following to the EEOC in writing:

    a. the dates on which training is scheduled;

    b. the name and job title of the person(s) from the agreed upon organization who will conduct the training;

    c. a resume or CV of the person conducting the training; and

    d. all copies of pamphlets, brochures, outlines, PowerPoint or similar presentations, or other written materials provided to the participants of the training sessions.

27.     Additionally, Chalfont agrees to provide the EEOC with a video and audio recording of each training within thirty days of the training sessions. The EEOC agrees not to make public or distribute the recording of the training unless required to do so by law.

28.     No later than sixty days after the management training, Chalfont shall provide the EEOC a list of all attendees to the management training, including first and last name, title, and date of training.

29.     Employee Education. All current employees will receive a copy of Exhibit B within thirty days of the date of this Order. Chalfont will send Exhibit B to the General Manager of each Chalfont restaurant via email and each General Manager will provide copies of Exhibit B to the employees in the restaurant. In addition, all new employees will receive a copy of Exhibit B within the first twenty-one days of employment.

## DISTRIBUTION OF NOTICE

30.     Within twenty-one calendar days from the date of this Order, at all Florida Chalfont locations, Chalfont shall post an eight and one half inch by eleven inch laminated copy of the Notice attached as Exhibit A to this Order in a conspicuous location, easily accessible to and commonly frequented by Chalfont employees (i.e., crew room). The Notice shall remain posted for the entire period this Decree is effective. Chalfont shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

31.     In the first Report described in this Order, Chalfont shall certify to the EEOC in writing that the Notice has been properly physically posted as described in this section, and Chalfont will take a photograph of the Notice at its posted location. Chalfont shall e-mail the certification of the Notice's posting and photographs to the EEOC Regional Attorney Robert E.

Weisberg at mdoconsentdecreecompliance@eeoc.gov and EEOC Trial Attorney Oshia Banks at Oshia.Banks@eeoc.gov with the subject line: Chalfont Consent Decree.

## **REPORTING**

32.     Chalfont shall furnish to the EEOC a written Report on or before October 30, 2021, and December 30, 2022. The Report shall contain:

   a.   A certification that Chalfont conducted all training required in this Order, including the date each person received the training;

   b.   A certification that Chalfont has made and maintained the posting required herein.

   c.   Chalfont shall disclose any known request for religious accommodation by any applicant or employee that was denied throughout the period of the Decree. Reports about denials of requests for accommodation shall include: (1) employee or applicant's name; (2) employee or applicant's religion, if known; (3) location where the employee or applicant works or applied and position held or sought; (4) employee's supervisor(s), interviewers, and decisionmakers; and (5) a description of the requested accommodation and the reasons it was denied, if applicable. If there are no known denials of requests for accommodation, Chalfont shall send the EEOC a "negative" report indicating no complaint activity.

## **COMPLIANCE**

33.     The EEOC may review compliance with this Decree at any time during its duration. If at any time during the duration of this Decree the EEOC believes that Chalfont is in violation of this Decree, the EEOC will advise Chalfont's counsel of the concern by e-mail: Todd Aidman (Taidman@fordharrison.com), Lori R. Benton (Lbenton@fordharrison.com), and Daniel Kent

Miles (Dmiles@fordharrison.com) and also copy legal assistant Alice Rivera (Arivera@fordharrison.com) and allow fourteen calendar days to respond.

34.     If the issue has not been resolved, the EEOC may conduct appropriate interviews of Chalfont's managers who were involved in the alleged violation and request documents reasonably related to the alleged violation from Chalfont. Chalfont's counsel may attend and participate in the management interviews. EEOC agrees to provide Chalfont with a reasonable amount of time to produce the requested documents. Further, EEOC and Chalfont will agree to conduct the interviews and inspection on a date and time agreed upon by the Parties, provided such interviews and inspection occur within fourteen days.

35.     After the interviews, the EEOC shall give notice of any alleged violations to Chalfont via Chalfont's counsel. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth herein.

36.     Any submissions, reports, certifications, notices, or other materials that are required to be submitted to the EEOC shall be e-mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Chalfont Consent Decree," at mdoconsentdecreecompliance@eeoc.gov and Oshia.Banks@eeoc.gov.

## **NOTIFICATION OF SUCCESSORS**

37.     During the term of this Decree, Chalfont shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.

## DISPUTE RESOLUTION

38.     In the event that the EEOC believes that Chalfont has failed to comply with any provisions of the Decree, the EEOC will notify Chalfont and Chalfont's counsel. Chalfont must make a good faith effort to cure any breach of the Decree within fourteen calendar days of notification. The Parties may jointly agree to extend the fourteen-day cure period. The fourteen days to cure provision of this Paragraph shall not apply, however, to the payment required by this Order.

39.     Following the cure period described above, the EEOC shall have the right to enforce the Decree or remedy any breach in this Court.

40.     No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge the EEOC's authority to bring an action to enforce the terms of the Decree in this Court.

## NO CONDITIONAL RECEIPT

41.     Defendant will not condition the receipt of individual relief set forth in this Decree on Mr. Javadi's agreement to: (a) maintain as confidential the terms of this Decree; (b) waive his statutory right to file a charge of discrimination with any federal or state anti-discrimination agency; or (c) waive his right to reapply to Chalfont.

## COSTS

42.     Each party to this Decree shall bear its own costs associated with this litigation.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2020.

_____

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record



**EXHIBIT A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

1.      This NOTICE to all employees of CHALFONT & ASSOCIATES GROUP, INC. ("**Chalfont**") is being posted and provided as part of a mutually agreed upon Consent Decree between Chalfont and the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("**EEOC**") in Civil Action No. 6:19-cv-1304-Orl-78GJK, which alleged that Chalfont discriminated against an applicant on the basis of his religion. While Chalfont has denied the allegations, as part of resolving this matter, Chalfont has agreed to post this Notice to reflect its commitment to equal employment opportunities in the workplace.

2.      Chalfont's policy and federal law require that there be no discrimination against any employee or applicant for employment on the basis of religion, or because a person made a complaint of discrimination because of religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

3.      Chalfont will continue to comply with such federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the EEOC or by otherwise opposing employment practices made unlawful under federal law.

4.      The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation. The EEOC maintains offices throughout the United States and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5.  This <u>NOTICE</u> will remain posted for TWO AND ONE HALF YEARS FROM DATE OF SIGNATURE.

SIGNED this____day of_____, 2020.

_____
President of Chalfont & Associates Group, Inc.

_**DO NOT REMOVE THIS NOTICE UNTIL TWO AND A HALF YEARS FROM DATE OF SIGNATURE**_

**EXHIBIT B**

**NOTICE TO EMPLOYEES REGARDING TITLE VII RIGHTS**

**Title VII.** Title VII of the Civil Rights Act of 1964 ("**Title VII**") prohibits employers from discriminating against individuals because of their religion or lack of religious belief in hiring, firing, or any other terms and conditions of employment. The law also prohibits job segregation based on religion, such as assigning an employee to a non-customer contact position because of actual or feared customer preference.

**Reasonable Accommodations.** In addition, Title VII requires employers to reasonably accommodate the religious beliefs and practices of applicants and employees, unless doing so would cause more than a minimal burden on the operation of the employer's business. A reasonable religious accommodation is any adjustment to the work environment that will allow the employee to practice his religion. Flexible scheduling, voluntary shift substitutions or swaps coordinated with and approved by your manager, job reassignments lateral transfers, and exceptions to dress or grooming rules are examples of accommodating an employee's religious beliefs, which need approval from your manager.

Whether a particular accommodation would pose an undue hardship on the employer's business depends on the individual circumstances. For example, an accommodation may cause undue hardship if it is costly, compromises workplace safety, decreases workplace efficiency, infringes on the rights of other employees, or requires other employees to do more than their share of potentially hazardous or burdensome work. Undue hardship also may be shown if the request for an accommodation violates others' job rights established through a collective bargaining agreement or seniority system.

**Religious Harassment.** Title VII also prohibits religious harassment of employees, such as offensive remarks about a person's religious beliefs or practices. Although the law does not prohibit simple teasing, offhand comments, or isolated incidents that are not very serious, harassment can be unlawful when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired or demoted).

**Retaliation**. It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on religion or for filing a discrimination charge, testifying, or participating in an investigation, proceeding, or litigation under Title VII.